AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☐ SUPERSEDING

---

**OFFENSE CHARGED**

18 U.S.C. § 1028(a)(3) – Possession of Fifteen or More Unauthorized Access Devices;
18 U.S.C. § 1343 – Wire Fraud (Two Counts);
18 U.S.C. § 1028A – Aggravated Identity Theft (Two Counts);
18 U.S.C. § 982 – Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHMENT

---

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
SEP 10 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**DEFENDANT - U.S**

▶ DWEN EDWARD CURRY

**DISTRICT COURT NUMBER**

CR 09-00901 SBA

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

UNITED STATES SECRET SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

09-70326 WDB

Name and Office of Person Furnishing Information on this form   JOSEPH P. RUSSONIELLO

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   JOSHUA HILL, AUSA

---

**DEFENDANT**

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction   ☐ Federal   ☐ State

6) ☒ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution
SAN FRANCISCO

Has detainer been filed?   ☐ Yes   ☐ No   If "Yes" give date filed _____

DATE OF ARREST ▶   Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year _____

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

## PENALTY SHEET ATTACHMENT

*United States v. Dwen Edward Curry*

### Count One – 18 U.S.C. § 1029(a)(3) (Possession of 15+ Unauthorized Access Devices)

| | |
|---|---|
| Imprisonment: | 10 years maximum |
| Supervised Release: | 3 years maximum |
| Fine: | $250,000 maximum |
| Special Assessment: | $100 |

### Counts Two and Four – 18 U.S.C. § 1343 (Wire Fraud)

| | |
|---|---|
| Imprisonment: | 30 years maximum |
| Supervised Release: | 5 years maximum |
| Fine: | $1,000,000 maximum |
| Special Assessment: | $100 |

### Counts Three and Five – 18 U.S.C. § 1028A (Aggravated Identity Theft)

| | |
|---|---|
| Imprisonment: | Mandatory 2 Years Imprisonment to run consecutively to any other term of imprisonment imposed under any other provision of law, including any term of imprisonment imposed for the felony during which the means of identification was transferred, possessed, or used |
| Supervised Release: | 1 year maximum |
| Fine: | $250,000 maximum |
| Special Assessment: | $100 |

Case 4:09-cr-00901-SBA   Document 1   Filed 09/10/09   Page 3 of 8

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: Oakland

FILED
SEP 10 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

---

UNITED STATES OF AMERICA,

V.

DWEN EDWARD CURRY,

**CR09-00901   SBA**

DEFENDANT.

---

**INDICTMENT**

18 U.S.C. § 1028(a)(3) – Possession of Fifteen
or More Unauthorized Access Devices;
18 U.S.C. § 1343 – Wire Fraud (Two Counts);
18 U.S.C. § 1028A – Aggravated Identity
Theft (Two Counts);
18 U.S.C. § 982 – Criminal Forfeiture

---

A true bill.

_____  Foreman

Filed in open court this _____ day of _____

_____  Clerk

Bail, $ No bail warrant.

9-10-09

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

**FILED**
SEP 10 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CR09-00901 SBA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. |
| Plaintiff, | ) | |
| v. | ) | VIOLATIONS: 18 U.S.C. § 1028(a)(3) – Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 1343 – Wire Fraud (Two Counts); 18 U.S.C. § 1028A – Aggravated Identity Theft (Two Counts); 18 U.S.C. § 982 – Criminal Forfeiture |
| DWEN EDWARD CURRY, | ) | |
| Defendant. | ) | |
| | ) | OAKLAND VENUE |

INDICTMENT

The Grand Jury charges:

COUNT ONE: [18 U.S.C. § 1029(a)(3) - Possession of Fifteen or More Unauthorized Access Devices]

1.   On or about March 27, 2009, in the Northern District of California and elsewhere, the defendant,

DWEN EDWARD CURRY,

did knowingly and with intent to defraud possess fifteen or more devices which are counterfeit and unauthorized access devices, namely bank account numbers, credit card account numbers

INDICTMENT
U.S. v. CURRY                                               1

1  and social security numbers, in and affecting interstate and foreign commerce, all in violation of
2  Title 18, United States Code, Section 1029(a)(3).
3  COUNT TWO: [18 U.S.C. § 1343 – Wire Fraud]
4  2.     From on or about January 7, 2009, and continuing to on or about February 24, 2009, in
5  the Northern District of California and elsewhere, the defendant,
6                              DWEN EDWARD CURRY,
7  devised and intended to devise a scheme and artifice for obtaining money and property by means
8  of false and fraudulent pretenses, representations and promises, as to material matters, and for
9  the purpose of executing the scheme and artifice, did, on or about February 23, 2009, cause to be
10 transmitted in interstate commerce, by means of a wire communication, certain writings, signs,
11 and signals, namely, a wire transfer in the amount of $90,000 from the Vanguard Group in
12 Pennsylvania to Wachovia Bank in California, in violation of Title 18, United States Code,
13 Section 1343.
14 3.     It was part of the scheme and artifice that defendant CURRY performed the following
15 acts:
16     a.     CURRY obtained the escrow file related to a real estate transaction for victim
17 T.K. The escrow file contained T.K.'s personal and financial information such as T.K.'s social
18 security number, address, phone numbers, bank account information, and retirement account
19 information. CURRY's possession of T.K.'s escrow file and personal and financial information
20 was not authorized.
21     b.     On or about January 7, 2009, CURRY opened a bank account at Wachovia Bank
22 in the name of victim T.K. (the "fraudulent T.K. bank account").
23     c.     On or about February 20, 2009, CURRY submitted an unauthorized wire transfer
24 request form to the Vanguard Group in T.K.'s name, and using T.K.'s personal information,
25 seeking to transfer $90,000 from T.K.'s retirement account to the fraudulent T.K. bank account.
26 ///
27 ///
28 ///

INDICTMENT
U.S. v. CURRY                              2

COUNT THREE: [18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft]

4. On or about February 20, 2009, in the Northern District of California and elsewhere, the defendant,

DWEN EDWARD CURRY,

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically the name and social security number of victim T.K., during and in relation to a felony violation of Title 18, United States Code, Section 1343 as alleged in Count Two, incorporated by reference, in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT FOUR: [18 U.S.C. § 1343 – Wire Fraud]

5. From no later than March 18, 2009, and continuing to on or about March 26, 2009, in the Northern District of California and elsewhere, the defendant,

DWEN EDWARD CURRY,

devised and intended to devise a scheme and artifice for obtaining money and property by means of false and fraudulent pretenses, representations and promises, as to material matters, and for the purpose of executing the scheme and artifice, did, on or about March 26, 2009, cause to be transmitted in interstate commerce, by means of a wire communication, certain writings, signs, and signals, namely, a wire transfer in the amount of $96,000 from the Allstate Life Insurance Company in Nebraska to Huntington National Bank in Ohio, in violation of Title 18, United States Code, Section 1343.

6. It was part of the scheme and artifice that the defendant CURRY performed the following acts:

    a. CURRY obtained the escrow file related to a real estate transaction for victim F.S. The mortgage file contained F.S.'s personal and financial information such as F.S.'s social security number, address, phone numbers, bank account information, and retirement account information. CURRY's possession of F.S.'s mortgage file and personal and financial information was not authorized.

    b. In particular, CURRY obtained personal information related to F.S.'s fixed annuity with Allstate Life Insurance Company.

     c.    On or about March 18, 2009, CURRY contacted Allstate Life Insurance Company (purporting to be F.S.) and requested information to execute a withdrawal of $90,000 from the fixed annuity account.

     d.    On or about March 19, 2009, CURRY submitted an unauthorized "request for distribution" form to Allstate Life Insurance Company in F.S.'s name, and using F.S.'s personal information, seeking to withdraw $96,000 from F.S.'s fixed annuity account and transfer the funds to the account of Napper Investment LLC at Huntington National Bank.

COUNT FIVE: [18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft]

7.    On or about March 19, 2009, in the Northern District of California and elsewhere, the defendant,

DWEN EDWARD CURRY,

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically the name and social security number of victim F.S., during and in relation to a felony violation of Title 18, United States Code, Section 1343 as alleged in Count Four, incorporated by reference, in violation of Title 18, United States Code, Section 1028A(a)(1).

FORFEITURE ALLEGATION: [18 U.S.C. § 982 – Criminal Forfeiture]

8.    The factual allegations contained in Counts Two and Four of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982.

9.    Upon conviction of the offenses alleged in Counts Two and Four above, the defendant shall forfeit to the United States all property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of said violations.

     All in violation of Title 18, United States Code, Section 982 and Rule 32.2 of the Federal Rules of Criminal Procedure.

///

///

///

///

INDICTMENT
U.S. v. CURRY                          4

Dated: September 10, 2009                    A TRUE BILL

*[signature]*
FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

*[signature]*
STEPHEN CORRIGAN
Deputy Chief, Oakland Branch

(Approved as to form: *[signature]* )
AUSA J. HILL

INDICTMENT
U.S. v. CURRY                          5