JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JOSHUA HILL (CABN 250842)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: Joshua.Hill2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 09-00901 SBA |
| ) | |
| Plaintiff, ) | [~~PROPOSED~~] ORDER DETAINING |
| ) | DEFENDANT DWEN CURRY |
| v. ) | |
| ) | |
| DWEN CURRY, ) | Date: March 17, 2010 |
| ) | Time: 10:00 a.m. |
| Defendant. ) | Court: Hon. Laurel Beeler |
| ) | |

## I. DETENTION ORDER

     Defendant DWEN CURRY is charged in an indictment with one count of possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1028(a)(3), two counts of wire fraud, in violation of 18 U.S.C. § 1343, and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. On September 25, 2009, the Court ordered him released on a $100,000 unsecured bond with numerous special conditions, including placement at the Cornell Corrections halfway house in San Francisco, California. On December 9, 2009, the defendant

was ordered detained by the Court for a violation of halfway house rules, based on an allegation that Mr. Curry assisted an escape from the halfway house.  On January 19, 2010, the Court ordered the defendant to be re-released to the halfway house.  On March 8, 2010, the defendant was expelled from the halfway house for violating the rules prohibiting the possession and consumption of alcohol.  On March 9, 2010, the defendant was remanded to the custody of the United States Marshals Service.

In a memorandum to the Court, dated March 10, 2010, the Pretrial Services Officer recommended that the defendant be detained for the pendency of the case, because Pretrial Services has concluded that the defendant is not amenable to community supervision.  The parties appeared for a detention hearing on March 17, 2010.  At the hearing, the defendant waived his right to contest detention, without prejudice to seeking a detention hearing at a later date.  Following a hearing under 18 U.S.C. § 3142(f), and considering the defendant's proffer, the Pretrial Services' report, and the factors set forth in 18 U.S.C. § 3142(g), the Court finds that Mr. Curry presents a serious risk of flight and a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure his appearance in this case and ensure the safety of the public.  *See* 18 U.S.C. §§ 3142(e) and (f).

Specifically, considering the factors in 18 U.S.C. § 3142(g), the Court notes that the defendant has now twice appeared before the Court following a violation of halfway house rules.  The first violation involved assisting an escape from the halfway house.  The instant violation involves the consumption of alcohol in the halfway house.  In addition, Mr. Curry has a criminal history that includes violations similar to the allegations forming the basis for the indictment.  These facts raise concern about the risk of Mr. Curry's flight and his ability to comply with any conditions of release that the Court might set. Accordingly, the Court finds that the government has established flight risk and danger to the community by a preponderance of the evidence.

Mr. Curry expressly retained his right to raise any additional relevant information at a later hearing.

///

///

## II.  CONCLUSION

The Court detains Mr. Curry as a serious flight risk and danger to the community. Because Mr. Curry waived his right to present information under 18 U.S.C. § 3142(f) without prejudice to raising relevant information at a later hearing, the Court orders that the hearing may be reopened at Mr. Curry's request at any future time.

Mr. Curry is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2).  The defendant must be afforded a reasonable opportunity to consult privately with counsel.  *See id*. § 3142(i)(3).  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.  *See id*. § 3142(i)(4).

IT IS SO ORDERED.

DATED: March 17, 2010

_____
LAUREL BEELER
United States Magistrate Judge