GAIL SHIFMAN
Law Offices of Gail Shifman
44 Montgomery Street, Suite 3850
San Francisco, CA 94104
Telephone: (415) 551-1500
Facsimile:  (415) 551-1502

Attorney for Defendant
DWEN EDWARD CURRY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR-09-0901 SBA |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **STIPULATION AND ORDER CONTINUING HEARING AND EXCLUDING TIME** |
| DWEN EDWARD CURRY, | ) | |
| Defendant. | ) | |

Plaintiff, by and through its attorney of record, and defendant, by and through his attorney of record, hereby stipulate and ask the Court to find as follows:

1. For the reasons set forth herein, the parties request that the September 21, 2010 Plea and Sentencing hearing be continued until *10:00* a.m. on October 19, 2010, for the reason that defense counsel, appointed yesterday, July 22, 2010 will be out of the country on September 21, 2010.  Additionally, newly appointed defense counsel needs sufficient time to review materials to learn the nature of the case and charges and to effectively prepare for the pre-sentence interview, plea and sentencing.  Probation Officer, Connie Cook, has no objection to this continuance and is in agreement with this request and new proposed date of October 19, 2010.

2. The parties believe that failure to grant the above-requested continuance would deny defendant continuity of counsel, would deny defendant's counsel and defendant the

1

reasonable time necessary for effective preparation taking into account the exercise of due diligence, and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

3. Thus, the parties respectfully request that the Court find that the time period from September 21, 2010, to October 19, 2010, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defendant continuity of counsel and would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

SO STIPULATED.

Dated:  July 23, 2010              /s/
                                   JOSEPH P. RUSSONIELLO
                                   United States Attorney

                                   By:    JOSHUA HILL
                                   Assistant United States Attorney

Dated:  July 23, 2010              /s/
                                   GAIL SHIFMAN
                                   Counsel for Defendant CURRY

## ORDER

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES. THEREFORE, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled September 21, 2010, hearing is vacated. A hearing for plea and sentencing is now scheduled for *10:00* a.m. on October 19, 2010.

2. The time period from September 21, 2010 to October 19, 2010, is deemed excludable

pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence. The Court finds that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

Dated: July 26, 2010

_____
HONORABLE SAUNDRA B. ARMSTRONG
United States District Judge