GAIL SHIFMAN
Law Offices of Gail Shifman
44 Montgomery Street, Suite 3850
San Francisco, CA 94104
Telephone: (415) 551-1500
Facsimile:  (415) 551-1502

Attorney for Defendant
DWEN EDWARD CURRY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR-09-0901 SBA |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **STIPULATION AND ORDER CONTINUING HEARING AND EXCLUDING TIME** |
| DWEN EDWARD CURRY, | ) | |
| Defendant. | ) | |

Plaintiff, by and through its attorney of record, and defendant, by and through his attorney of record, hereby stipulate and ask the Court to find as follows:

1. The parties request that the October 19, 2010 Plea and Sentencing hearing be continued until 10:00 a.m. on November 16, 2010, for the reason that the probation officer has identified numerous issues which require additional investigation and require the probation officer to obtain additional documents. Accordingly, the probation officer requires additional time necessary to complete a sentencing report. The parties have conferred and agree to a new plea and sentencing date of November 16, 2010. Probation Officer, Connie Cook, has no objection to this continuance and is in agreement with this request and new proposed date of November 16, 2010.

2. The parties believe that failure to grant the above-requested continuance would

1

deny defendant continuity of counsel and deny defendant's counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence.  Moreover, the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

    3. Thus, the parties respectfully request that the Court find that the time period from October 19, 2010, to November 16, 2010, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defendant continuity of counsel and would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

    4. In addition, because the Court has taken the parties' proposed agreement under submission, the parties agree that time should continue to be excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(G), based on the Court's consideration of the proposed plea agreement to be entered into by the defendant and the attorney for the Government.

    SO STIPULATED.

Dated:  August 9, 2010

                                                  /s/
                                      JOSEPH P. RUSSONIELLO
                                      United States Attorney

                                      By:    JOSHUA HILL
                                      Assistant United States Attorney

Dated:  August 9, 2010

                                                  /s/
                                      GAIL SHIFMAN
                                      Counsel for Defendant CURRY

**ORDER**

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES. THEREFORE, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled October 19, 2010, hearing is vacated. A hearing for plea and sentencing is now scheduled for 10:00 a.m. on November 16, 2010.

2. The time period from October 19, 2010 to November 16, 2010, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

3. The time period from October 19, 2010 to November 16, 2010 is excluded under the Speedy Trial Act, specifically pursuant to 18 U.S.C. § 3161(h)(1)(G), for consideration by the Court of a proposed plea agreement to be entered into by the defendant and the attorney for the government.

4. The Court finds that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

Dated: August 20, 2010

_____
HONORABLE SAUNDRA B. ARMSTRONG
United States District Judge