1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    MIRANDA KANE (CABN 150630)
3   Chief, Criminal Division

4   JOSHUA HILL (CABN 250842)
    Assistant United States Attorney
5
        1301 Clay Street, Suite 340-S
6       Oakland, California 94612
        Telephone:  (510) 637-3740
7       Facsimile:   (510) 637-3724
        E-Mail:      Joshua.Hill2@usdoj.gov
8

9   Attorneys for Plaintiff

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13  UNITED STATES OF AMERICA,        )      No. CR-09-0901 SBA
                                     )
14          Plaintiff,               )      GOVERNMENT'S SENTENCING
                                     )      MEMORANDUM
15  v.                               )
                                     )      Date:   January 11, 2011
16  DWEN CURRY,                      )      Time:  9:00 a.m.
                                     )
17          Defendant.               )      Honorable Saundra Brown Armstrong
                                     )
18  _____)

19          Plaintiff United States of America, by and through its counsel of record, Assistant United

20  States Attorney Joshua Hill, hereby submits its sentencing memorandum.

21  **I.**    **Introduction**

22          An Oakland grand jury charged Defendant Dwen Curry in a multi-count indictment with

23  crimes related to a scheme in which Curry pillaged the retirement and other financial accounts of

24  unsuspecting individuals.  Curry caused losses approaching one million dollars.  He is now

25  scheduled to plead guilty to one count of possession of fifteen or more unauthorized access

26  devices and one count of wire fraud.  Accordingly, pursuant to the terms of the proposed plea

27  agreement, the government respectfully requests that Curry be sentenced to 77 months'

28

imprisonment and three years of supervised release, and be ordered to pay a $200 special assessment and restitution.

## II.    Guidelines Calculation

The Probation Office concurs with the parties' Sentencing Guidelines calculation set forth in the proposed plea agreement. PSR ¶¶ 25-36. Because defendant falls within criminal history category V (PSR ¶ 44), the resulting Sentencing Guidelines range for total offense level 22 is 77 to 96 months' imprisonment. PSR Sentencing Recommendation at 1.

## III.    Sentencing Argument

### A.    Law

As established in *United States v. Booker*, 543 U.S. 220, 220 (2005), the Sentencing Guidelines are no longer mandatory, only advisory. Nonetheless, sentencing proceedings are to begin by determining the applicable Guidelines range. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). In this sense, the guidelines are "the 'starting point and the initial benchmark,'" *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)), and "are to be kept in mind throughout the process." *Gall*, 552 U.S. at 50 n.6. Sentencing courts must consider, in addition to the Guidelines, the factors set forth in 18 U.S.C. § 3553(a). These factors include the need for the sentence to reflect the seriousness of the offense and the history of the defendant, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and avoid sentencing disparities among similarly situated defendants. Because of that, it is "procedural error" if the district court fails to calculate – or calculates incorrectly – the applicable Guidelines range; treats the guidelines as mandatory instead of advisory; fails to consider the § 3553(a) factors; chooses a sentence based on clearly erroneous facts; or fails adequately to explain the sentence selected, including any deviation from the Guidelines range. *See Carty*, 520 F.3d at 993. To determine the substantive reasonableness of a sentence, courts examine "the totality of circumstances." *Id.* If a sentence is within the Guidelines range, "it is probable that it is reasonable." *Rita v. United States*, 551 U.S. 338, 351 (2007).

**B.**    **Analysis**

In raiding the financial safety nets of his many victims, Curry has committed a serious crime that further erodes the public's trust in the security of society's institutions. In imposing a sentence, 18 U.S.C. § 3553(a)(1) instructs the Court to consider the "nature and circumstances of the offense" and the "need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Here, the proposed 77-month sentence is a just and reasonable punishment. As the Probation Office recognizes, "for victims of identity theft, the costs can be significant and long-lasting." PSR ¶ 18. This is illustrated by the checklist of reactions provided by victim J.A. in his victim impact statement: anger, anxiety, fear, appetite change, trouble concentrating, and repeated memory of crime. Curry's crimes exhibit a disregard for the privacy and property rights of his fellow citizens.

The Court's punishment should also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(1)(B). Indeed, Curry's numerous encounters with the criminal justice system failed to deter him from committing this offense or engaging in other reckless behavior. The government agrees with the Probation Office's conclusion that Curry's seeming inability to conform his behavior to the requirements of the law makes him "a danger to the community." PSR Sentencing Recommendation at 2. In sum, the 77-month sentence should afford adequate deterrence to future criminal conduct, and also protect the public from the defendant's ongoing criminal behavior. The government's recommended prison sentence of 77 months is reasonable and appropriate under 18 U.S.C. § 3553(a).

**C.**    **Restitution**

Due to the large amount of potential restitution, and pursuant to 18 U.S.C. § 3664(d), the government requests that the Court set a date for determination of restitution no more than 90 days from the date of sentencing. The government anticipates that the Probation Office and defendant will have no objections to this request.

1

**IV.    Conclusion**

2          For the foregoing reasons, taking into consideration the relevant provisions of the

3    Sentencing Guidelines and 18 U.S.C. § 3553(a), the government respectfully requests that the

4    Court sentence defendant to a reasonable and appropriate sentence of 77 months' imprisonment,

5    three years of supervised release and a $200 special assessment.  The amount of restitution to be

6    paid shall be determined at a later date.

7

8    DATED: January 4, 2011                    Respectfully submitted,

9

                                               MELINDA HAAG
10                                             United States Attorney

11

12                                             _____/S/_____
                                               JOSHUA HILL
13                                             Assistant United States Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOVERNMENT'S SENT. MEM.
No. CR-09-0901-SBA                    -4-