**GAIL SHIFMAN**
**Law Offices of Gail Shifman**
**44 Montgomery Street, Suite 3850**
**San Francisco, CA 94104**
**Telephone: (415) 551-1500**
**Facsimile:  (415) 551-1502**

**Attorney for Defendant**
**DWEN EDWARD CURRY**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CR-09-0901 SBA** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **DEFENDANT'S SENTENCING** |
| **vs.** | ) | **MEMORANDUM** |
| | ) | |
| **DWEN EDWARD CURRY,** | ) | **Date: January 11, 2011** |
| | ) | **Time: 9:00 a.m.** |
| **Defendant.** | ) | **Honorable Saundra Brown Armstrong** |
| _____ | ) | |

Pending before the Court is a Proposed Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure which stipulates to an Adjusted Offense Level 22 pursuant to United States Sentencing Guideline (USSG) §2B1.1 based upon a guilty plea to Counts One and Two of the Indictment (Possession of Fifteen or More Unauthorized Access Devices (18 U.S.C. §1029(a)(3)) and Wire Fraud (18 U.S.C. §1343).)  Under the terms of the proposed plea agreement, the parties agree that a reasonable and appropriate disposition of this case, under the Sentencing Guidelines and 18 U.S.C. § 3553(a) is at the low end of the Guidelines range for adjusted offense level 22 and the criminal history category to be determined by the Court.

Defendant Dwen Curry seeks to enter a plea of guilty to Counts One and Two of the

1   Indictment pursuant to the proposed plea agreement and be sentenced pursuant to its terms.

2         Defendant has no objection to the information contained in the Pre-Plea Presentence

3   Investigation Report (PSR) prepared by U.S. Probation Officer Constance Cook.  The PSR

4   determines that the Adjusted Offense Level is 22 and the Criminal History Category is V (10

5   points) (PSR ¶¶ 40 - 44) based upon a DUI conviction and three shoplifting offenses all

6   committed when the defendant was severely addicted to prescription medications, Vicodin and

7   Valium, and occurring within a short time period in 2006 when Defendant Curry was under the

8   influence of his addiction.

9         In determining Defendant Curry's Criminal History Category under USSG § 4A1.1, the

10  Court may conclude that Criminal History Category V over-represents the seriousness of the

11  defendant's criminal history and determine that assignment of a criminal history category IV is

12  appropriate under the Guidelines pursuant to USSG §§ 4A1.3 and 1B1(E).[1] [2]  In taking a  close

13  examination of his record, the Court may find that defendant Curry is a far cry from the typical

14  defendant in Criminal History Category V.  Two of the shoplifting offenses involving the

15  attempted theft of a purse for which defendant Curry received a concurrent sentence on the same

16  day (PSR ¶¶ 42, 43) result in 6 points under the sentencing guidelines.  The additional

17  shoplifting offense adds another 2 points under the guidelines (PSR ¶ 41) as does the DUI (PSR

18

19

20        [1]  See, *United States vs. Reyes*, 8 F.3d 1379 (9th Cir. 1993) (court upholds downward departure – 210 months to 33 months – from career offender guidelines – in both offense level

21  and criminal category – where defendant a comparatively minor offender – 6 minor drug and theft priors – but remands for court to state reason for extent of departure);  In *U.S. v. Dickmann, 2007 WL 442397 (E.D. Wis. 2007),* the court held that the defendant's criminal history category

22  of IV over-represented the seriousness of the defendant's criminal past, justifying a one-level downward departure under U.S.S.G.§ 4A1.3(b)(1), where all of the defendant's previous

23  convictions were clustered during a time when the defendant's drug use caused his life to spiral

24  out of control, and all of the prior convictions were for nonviolent offenses involving drug possession and petty theft.

25

26        [2]  If the Court makes this finding, the sentence agreed upon in the proposed plea agreement would be 71 months rather than 77 months.

1  ¶ 40).

2          Defendant Curry agrees with the government that in imposing a sentence, 18 U.S.C. §

3  3553(a)(1) instructs the Court to consider the "nature and circumstances of the offense" and the

4  "need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect

5  for the law, and to provide just punishment for the offense."  Title 18 U.S.C. § 3553(a)(1) also

6  instructs the Court to consider "the history and characteristics of the defendant".  Before the

7  Court is a man with a history of severe drug addiction and a serious medical condition.  All of

8  these reasons reflect the appropriateness of a sentence at the low end of the applicable guideline

9  range as determined by the Court as a just and reasonable punishment.  As a result, Defendant

10  Curry respectfully requests that the Court accept the proposed plea agreement.

11  Dated:   January 5, 2011                                    _____/s/_____

12                                                              GAIL SHIFMAN
                                                                Counsel for Defendant CURRY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3